**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA  90010
(213) 252-9444; (213) 252-0091 facsimile
E-mail: manncook@earthlink.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER TUCKER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ELK GROVE, a municipal corporation; ELK GROVE POLICE DEPARTMENT, a public entity; JASON KENNETH MILLER, an individual sued in his individual capacity; MUSA FUAD ABEDRABBO, an individual sued in his individual capacity; and Does 1 through 20, all sued in their individual capacities,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. 42 U.S.C. § 1983**<br><br>**2.  State Law Claims (Cal. Const., Art. I § 13; Cal. Civ. Code §§ 43, 52.1(b), 1714; Cal. Pen. Code § 242)**<br><br>**DEMAND FOR JURY TRIAL** |

00139871.WPD

## I. JURISDICTION AND VENUE.

1. Plaintiff's claims arise under 42 U.S.C. §1983 and state law. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

2. Plaintiff's claims arise out of, *inter alia*, acts of personnel employed by the City of Elk Grove and the Elk Grove Police Department, acts which caused injury to Plaintiff in Sacramento County. Accordingly, venue is proper within the Eastern District of California.

## II. PARTIES.

3. Plaintiff Lester Tucker, an adult individual, was at all times relevant hereto, a resident of the County of Sacramento.

4. Defendant City of Elk Grove ("Elk Grove") is a municipal corporation organized and existing under the laws of the State of California. Defendant Elk Grove Police Department ("EGPD") is a public entity within the meaning of California law, and is an Elk Grove agency.

5. Defendant Jason Kenneth Miller ("Miller") is an individual who Plaintiff is informed and believes and based thereon alleges, at all times material hereto was acting in the course and scope of his employment as a EGPD Officer. Plaintiff sues Miller in his individual capacity.

6. Defendant Musa Fuad Abedrabbo ("Abedrabbo") is an individual who Plaintiff is informed and believes and based thereon alleges, at all times material hereto was acting in the course and scope of his employment as a EGPD Officer. Plaintiff sues Abedrabbo in his individual capacity.

7. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES, and therefore sues these defendants by fictitious names. Plaintiff will give notice of their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that defendant DOES are responsible in some manner for the damages and injuries hereinafter complained of.

00139871.WPD

8. Plaintiff is informed and believes and thereupon alleges that at all times relevant herein defendants, including DOE defendants, and each of them, were the agents, servants, couriers and employees of other defendants, and were acting in concert with each other and in furtherance of a common goal and/or objective, were acting within the course and scope of the agency and employment or ostensible agency and employment.

9. The complained of acts and omissions were performed by persons within the course and scope of employment with their employer, Elk Grove and/or EGPD. All acts and omissions were under color of state law.

### III. FACTS COMMON TO ALL CLAIMS.

10. In the evening of April 20, 2019, in the vicinity of Tegan Road and Franklin Boulevard in Elk Grove, defendant Abedrabbo stopped and detained Plaintiff. At the time, Plaintiff, an African-American male, was with a young Caucasian female. The two were about to enter Plaintiff's trailer lawfully parked on the street, against the curb. Abedrabbo stopped Plaintiff and his female companion based on an *anonymous* telephone call to the EGPD in which the caller, who refused to identify herself, claimed Plaintiff was possibly trying to break into the trailer. The anonymous caller also claimed that Plaintiff had a firearm.

11. When Abedrabbo saw Plaintiff and his female companion, he did not observe either to be engaged in any action that could be considered unlawful, threatening injury to anyone, or damaging or threatening damage to property. Abedrabbo also saw nothing on Plaintiff, or any action by Plaintiff, suggesting he had a firearm. Despite having only anonymous information about Plaintiff while observing nothing unlawful or threatening about Plaintiff's behavior, Abedrabbo ordered Plaintiff and his female companion to stop where they were, and to sit on the street curb. At the time, Abedrabbo did not have probable cause or reasonable suspicion that Plaintiff had committed any crime. Plaintiff and his companion compiled, and sat down on the curb.

12. As the two were seated on the curb, Abedrabbo began flipping through his notebook, stalling for time so that defendant Miller could arrive on scene. Whereupon

Plaintiff stood up from the curb, bent over and kissed his female companion, then began running from the location and away from Abedrabbo. Abedrabbo also took off running, chasing Plaintiff on foot, and yelling at Plaintiff to "get on the ground now."

13. Plaintiff continued to flee on foot, running into a nearby shopping center's parking lot. At about this time, defendant Miller, driving his patrol SUV, arrived and drove into the parking lot, coming up behind Abedrabbo who was running after Plaintiff. Miller drove past Abedrabbo, and ahead of Plaintiff, correctly anticipating Plaintiff's direction of flight. As Plaintiff came running out from between two buildings and into an open area of the parking lot, Miller deliberately drove his vehicle at Plaintiff, striking him and knocking him to the ground on the vehicle's passenger side.

14. With his vehicle now stopped, Miller exited on the driver's side and proceeded to go around the vehicle's rear to confront Plaintiff on the vehicle's passenger side. As Miller came around the vehicle's rear, he could see that Plaintiff was rising to his feet from where he had been knocked to the ground. Miller had his service weapon out, pointed at Plaintiff. Miller could also see coming up from behind Plaintiff, Abedrabbo running towards Miller and Plaintiff's location. Like Miller, Abedrabbo had his firearm out, pointed towards Plaintiff. Both Miller and Abedrabbo could see they were in each other's line of fire.

15. Seeking to avoid apprehension, Plaintiff began to step away from the officers in an effort to resume his flight. At this point Miller and Abedrabbo, even though knowing each was in the other's line of fire, began shooting at Plaintiff. When defendants began shooting, they did not observe Plaintiff to make any threatening gesture of any type towards either officer or anyone for that matter, nor did they hear Plaintiff say anything, let alone a verbal threat of some type. Nor did either defendant observe Plaintiff to have a weapon of any type.

16. Despite the absence of any threat posed by Plaintiff, defendants fired repeatedly at him. Numerous rounds struck Plaintiff in his leg and torso, fracturing his femur and causing serious internal and life-threatening injuries. Moreover, because defendants fired

their rounds in each other's line of fire, defendants also shot each other, with each sustaining gunshot wounds inflicted by the other.

17. Afterwards, in an effort to coverup their wrongful shooting and deprive Plaintiff of redress and compensation for his injuries caused by the wrongful shooting, Miller and Abedrabbo, with the concurrence and approval of their supervisors up to and including the EGPD police chief, fabricated a claim that Plaintiff had in his left pocket of his hooded jacket, a firearm; fabricated a claim that before shooting Plaintiff, defendants observed Plaintiff to move his hand to his left pocket as if to pullout the firearm; and falsely claimed that it was this purported action by Plaintiff that prompted defendants to shoot. In truth and in fact, defendants shot Plaintiff simply to stop his flight, then lied about it afterwards upon realizing that using deadly force to stop his flight could not justify the shooting. Plaintiff is informed and believes and based thereon allege that these facts -- defendants shot simply to stop Plaintiff's flight then afterwards fabricated the claim that Plaintiff was going for a gun -- were known to EGPD supervisors, including the EGPD police chief, when they reviewed the investigative reports and videos of the incident. Plaintiff is informed and believes and based thereon allege that despite such knowledge, EGPD supervisors and the EGPD police chief found that the shooting was in accordance with EGPD policy and that neither defendant should be disciplined or otherwise held accountable for a wrongful shooting.

## FIRST CAUSE OF ACTION -UNLAWFUL SEIZURES
## 42 U.S.C. § 1983 / Fourth Amendment
## (As Against All Defendants)

18. By this reference, Plaintiff re-alleges and incorporates all previous and following paragraphs as if fully set forth herein.

19. The initial detention of Plaintiff and subsequent shooting, violated Plaintiff's rights protected under the Fourth Amendment of the United States Constitution, actionable under 42 U.S.C. § 1983. Plaintiff is therefore entitled to recover compensatory damages from all defendants proximately caused by defendants' wrongful acts, and as

00139871.WPD

against the individual defendants, punitive damages for defendants' malicious and intentional violations of Plaintiff's constitutional rights.

## SECOND CAUSE OF ACTION - STATE LAW CLAIMS

### (As Against All Defendants)

20. By this reference, Plaintiff re-alleges and incorporates all previous and following paragraphs as if fully set forth herein.

21. Plaintiff timely submitted to Elk Grove a Cal. Gov't Code § 910 administrative claim for damages. This lawsuit is commenced within six months after the denial of that claim, taking into account statutory tolling under California law.

22. The initial detention of Plaintiff and subsequent shooting, violated Plaintiff's rights protected under California law as follows:

    A. Cal. Const., Art. I § 13 (unreasonable seizure);

    B. Cal. Civ. Code § 43 (right to protection from bodily restraint or harm);

    C. Cal. Civ. Code § 52.1(b) (violation of rights protected under state or federal law where such violation occurs as the result of threats, intimidation or coercion);

    D. Cal. Civ. Code § 1714 (negligence);

    E. Cal. Pen. Code § 242 (battery).

23. Plaintiff is therefore entitled to recover from each defendant compensatory and, if permissible, statutory damages proximately caused by the wrongful act(s) in violation of the above provisions of California law. Defendants Elk Grove and EGPD are liable under *respondent superior*, see Cal. Gov't Code § 815.2(a).

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

*On The First Cause of Action (against all Defendants)*:

1. That this Court award Plaintiff compensatory and punitive damages (the latter against the individual defendants only), according to proof;

2. That the Court award Plaintiff attorneys' fees pursuant to 42 U.S.C. § 1988;

*On The Second Cause of Action (against all Defendants)*:

3. That this Court award Plaintiff compensatory damages, according to proof;

4. That this Court award Plaintiff statutory damages as allowed by law;

5. That this Court award Plaintiff attorneys' fees as allowed under Cal. Civ. Code § 52.1(i), Cal. Civ. Proc. Code § 1021.5, and California's private attorney general doctrine;

*On All Causes of Action:*

6. That the Court award Plaintiff costs of suit; and

7. Such further relief as is just and proper.

DATED: August 12, 2020

**DONALD W. COOK**
Attorney for Plaintiff

By _____
Donald W. Cook

-7-

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED: August 12, 2020

          **DONALD W. COOK**
          Attorney for Plaintiff

By _____
          Donald W. Cook

00139871.WPD