# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER TUCKER, , an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF STOCKTON; COUNTY OF SAN JOAQUIN; SAN JOAQUIN COUNTY SHERIFF'S DEPARTMENT; and DOES 1-10, both their individual & official capacities,<br><br>Defendants. | Case No. 2:20-cv-01620-TLN-KJN<br><br>DISCOVERY MATTER<br><br>**PROTECTIVE ORDER RE DOCUMENTS PRODUCED BY DEFENDANTS** |

Pursuant to the Stipulation for Protective Order (ECF doc. 9) executed by counsel for Plaintiff and Defendants, the Court hereby issues the following protective order for documents and `data that Defendants produce in discovery. These documents and data include the following:

1. Personnel Records for defendants Jason Miller and Musa Fuad Abedrabbo, and more fully described as training records, evaluations, complaint/disciplinary, if any, and similar files.

2. The Producing Party shall clearly identify any documents subject to this Protective Order by watermark or other method to designate them as such.

DONALD W. COOK.
Attorney at Law
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010
((213) 252-9444

Protective Order Re Documents Produced by Defendants
(Case No. 2:20-cv-01620-TLN-KJN)    1    Tucker v Elk Grove 20-1620.stip protect o

**A. USE OF THE DOCUMENTS AND DATA.**

1. Absent further order of the Court, the documents and data covered by this protective order may be used in this case only, including any appeals, and not for any other purpose whatsoever.

2. Items covered by this protective order, including any related copies, summaries, extracts, notes, photographs, memos, audiotapes and transcripts, shall not be disclosed, except to the following persons:

    a. The attorneys of record, including legal assistants, paralegals, investigators and clerical employees working under counsel's supervision, as well as outside copying, graphic, computer services, and court reporters performing services in connection with this action;

    b. Experts, consultants, investigators and their employees, retained and/or consulted by the attorneys of record to assist in the preparation of this action;

    c. The parties, including their officers, agents and employees who are directly assisting counsel with the conduct or resolution of this action;

    d. Witnesses while being examined by counsel at a deposition or trial. However, if the item is attached as an exhibit to a deposition transcript, the copy attached as an exhibit shall be redacted to omit names, birth dates, social security numbers, and addresses.

3. Before any disclosure of the items covered by this protective order, they will inform any person identified in Paragraph two above, of the terms of the protective order.

4. If any party wishes to disclose items covered by this protective order to any person other than those listed in Paragraph two above, that party shall give written notice to the non-disclosing party so that the non-disclosing party can make a motion to prevent the disclosure. The party wishing to disclose the information will not to do so unless and until agreement with the other party is reached, or the other party's

DONALD W. COOK.
Attorney at Law
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010
((213) 252-9444

Protective Order Re Documents Produced by Defendants
(Case No. 2:20-cv-01620-TLN-KJN)   2   Tucker v Elk Grove 20-1620.stip protect o

motion is ruled on by the court. If however, the other party does not bring its position to the attention of the Court within two weeks of the notice, the party wishing to disclose the information may deem the issue to have been abandoned.

5. Upon final determination of this action, whether by judgment, settlement or otherwise, including all appeals, and upon the producing party's request, Plaintiff shall return those items, along with all copies, to the producing party. Any messenger or postage fees shall be paid by the requesting party. In the alternative, the producing party may request the items be destroyed. This provision does not obligate the Court to act in a certain matter in relation to the confidential documents.

6. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, they shall immediately give written notice to Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by Defendants. However, in no event should production or disclosure be made without written approval by Defendants' counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Information. Nothing in this order should be construed as authorizing or encouraging a party to disobey a lawful directive from another court.

7. None of the data covered by this Protective Order contains confidential information that requires it to be filed under seal with the Court. All confidential information was previously redacted from the data pursuant to agreement by the parties' counsel, per Fed.R.Civ.Proc. 5.2.

DONALD W. COOK.
Attorney at Law
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010
((213) 252-9444

Protective Order Re Documents Produced by Defendants
(Case No. 2:20-cv-01620-TLN-KJN)

3

Tucker v Elk Grove 20-1620.stip protect o

8. At the commencement of trial, unless good cause is shown, the terms of the protective order are dissolved, except for the return of the confidential documents to the party providing them at the completion of the case.

9. Any use of Confidential Information at trial, or in open court during pretrial proceedings, shall be governed by the orders of the presiding judge. This order does not govern the use of Confidential Information at trial.

10. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

11. This Stipulation may be signed in parts and may be transmitted by facsimile and electronically as if it were the original document.

**B.   OTHER**

1. The execution of this protective order shall not preclude any party from moving the court for other or further protective orders during this action.

2. This protective order is subject to amendment and modification by further stipulation among counsel and/or by order of the Court.

### ORDER

The court has reviewed the parties' stipulated protective order, as described above and as agreed to in a separate filing. (See ECF No. 9.) The parties' stipulation comports with the relevant authorities and the court's applicable local rule. See L.R. 141.1(c);[1] see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the

---

[1] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:
(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

DONALD W. COOK.
Attorney at Law
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010
((213) 252-9444

Protective Order Re Documents Produced by Defendants
(Case No. 2:20-cv-01620-TLN-KJN)                4                Tucker v Elk Grove 20-1620.stip protect o

public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary."). Therefore, the court APPROVES the protective order subject to the following clarification.

This court's Local Rules indicate that once this action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f). Courts in the district generally do not agree to retain jurisdiction after closure of the case. See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017). Based on this rationale, the court will not retain jurisdiction over this protective order once the action is closed.

Dated: January 28, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tuck.1620

DONALD W. COOK.
Attorney at Law
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010
((213) 252-9444

Protective Order Re Documents Produced by Defendants
(Case No. 2:20-cv-01620-TLN-KJN)

5

Tucker v Elk Grove 20-1620.stip protect o